NOT FOR PUBLICATION

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                               :
DANIEL VARLEY,                 :
                               :   Civil Action No. 14-3832 (RMB)
          Plaintiffs,          :
                               :
     v.                        :
                               :
THE UNITED STATES              :
OF AMERICA, et al.,            :   MEMORANDUM OPINION
                               :        AND ORDER
          Defendants.          :
_____:
```

**BUMB, District Judge:**

    This matter comes before the Court upon Plaintiffs' filing of a civil complaint ("Complaint") and prepayment of the filing fee. See Docket Entry No. 1. Plaintiff, a federal inmate confined at the FCI Fort Dix ("Fort Dix"), asserts that, on October 25, 2011, he was at Fort Dix common-quarters playing cards with other inmates, and a television holder, mounted presumably on the wall or ceiling, "failed causing the television . . . to fall on the head and body of Plaintiff." Id. at 5. Asserting that he suffered injuries as a result of that accident, Plaintiff raises a Federal Tort Claims Act ("FTCA") challenge against the United States seeking $1 million in damages. See id. at 5-7. In addition, presumably under this Court's supplemental jurisdiction, he raises product liability/strict liability claim against an unidentified manufacturer of the television holder seeking unspecified compensatory damages. See id. at 7-8.

Plaintiff maintains that he presented his FTCA claim for agency review and had it denied.  See id. at 5.  His allegations are limited to conclusory statements and supplemented merely by his legal position that "Defendants [must be deemed] negligent under the legal doctrine of res ipsa loquitor because the accident which occurred ordinarily does not occur in the absence of negligence."  Id. at 6.

Since Plaintiff is an inmate seeking damages from the government, and his allegations are raised in connection with his conditions of confinement, Sections 1915A and 1997e obligate this Court to screen the Complaint.[1]  See 28 U.S.C. § 1915A(a) and (b); 42 U.S.C. § 1997e(c).

Jurisdictionally, the Complaint states the dates of Plaintiff's filing of his claim and the agency denial.  Section 2675, however, also specifies that an FTCA action "shall not be instituted for any sum *in excess of the amount of the claim presented* to the federal agency."  White-Squire v. U.S. Postal Service, 592 F.3d 453, 457 (3d Cir. 2010) (quoting 28 U.S.C. § 2675(b),emphasis in original).  "Because the requirements of presentation and a demand for a sum certain are among the terms

---

[1] In addition, this "Court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction." Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002); see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("A federal court [should] raise lack of subject-matter jurisdiction on its own").

2

defining the United States's consent to be sued, they are jurisdictional." Id. (citation omitted).  Granted that the Complaint is silent as to the sum sought administratively, this Court is prevented from establishing its jurisdiction.  Thus, Plaintiff will be directed to supplement the Complaint by his administrative claim and the agency denial.

Moreover, Plaintiff's mere mentioning of res ipsa loquitur is insufficient to meet the pleading requirement of Rule 8.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)  ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  [It demands] more than an unadorned, the defendant-unlawfully-harmed-me accusation"); see also Kenyon v. Miller, 2000 Fla. App. LEXIS 2015 (Fla. Dist. Ct. App. 3d Dist. 2000) ("Given the restrictive nature of [res ipsa loquitor], a court should never lightly provide the inference of negligence.  Rather it is incumbent on the plaintiff to present his . . . case in a manner which demonstrates and satisfies each of the doctrine's requisite elements and only after the plaintiff carries this burden . . . may a court supply the inference").

Generally, where there are multiple defendants, the court must be presented with allegations supporting a legal conclusion that the defendants had joint control over the injury-inflicting instrumentality.  See Creekmore v. United States, 905 F.2d 1508 (11th Cir. 1990); accord Allendorf v. Kaiserman Enters., 266 N.J.

Super. 662 (N.J. Super. Ct. App. Div. 1993) (joint control by building owner and company maintaining elevator); Meny v. Carlson, 6 N.J. 82, 94 (1950) (joint control of scaffolding); cf. Smith v. Claude Neon Lights, Inc., 1933 N.J. LEXIS 488 (Ct. E. & App. 1932) (building owner and owner of the sign that fell from the building). While, in Anderson v. Somberg, 67 N.J. 291 (1975), the Supreme Court of New Jersey "accorded [a] greater protection to innocent plaintiffs in a [res ipsa loquitor] case involving strict products liability [by one defendant and] negligence" by another, Huddell v. Levin, 537 F.2d 726, 746 (3d Cir. 1976) (discussing Anderson), the lenient "holding in Anderson [was] restricted to instances in which the plaintiff suffered injury while [being] an unconscious hospital patient." Id.; see also Shackil v. Lederle Laboratories, Div. of American Cyanamid, Co., 116 N.J. 155, 173 (1989) (cautioning against application of Anderson to other circumstances because the "approach, which could conceivably be characterized as one of alternative liability, has not been duplicated in any New Jersey case since Anderson [thus rendering the Anderson holding] limited to one factual context"). Here Plaintiff was not "an unconscious hospital patient" when the television allegedly fell on him. Since the Anderson exemption from particularity of pleading cannot be applied here, the Complaint appears deficient. The Complaint is silent as to whether there was/were: (a) any acts or

4

failures to act by Plaintiff that exposed him to a danger of the injury; and/or (b) other events (e.g., inmates' physical actions) that might have occurred at Fort Dix common-quarters during the relevant time, which exposed Plaintiff to a danger of the injury. Absent Plaintiff's averments clarifying these factual issues, the Court has no basis to conclude that the Complaint passes muster under Sections 1915A and 1997e.[2]  This "Court must accept all of the [C]omplaint's well-pleaded *facts* as true, [it is obligated to] disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (emphasis supplied). However, Plaintiff's allegations, both jurisdictional and substantive, fall short of the pleading requirement posed by Rule 8. See Iqbal, 556 U.S. at 678 ("[A] pleading must contain a short and plain statement of the claim *showing* that the pleader is entitled to relief") (quotation marks and citation omitted, emphasis supplied).  Correspondingly, the Court will allow Plaintiff an opportunity to: (a) file an amended pleading averring to the facts on the basis of which Plaintiff asserts his entitlement to relief, in light of the governing state law; and (b) supplement his allegations by providing this Court with his administrative claim and the agency denial.  Defendants will be directed to

---

[2] By the same token, absent Plaintiff's verification of the sum-certain presentment requirement, this Court has no basis to conclude that it has FTCA jurisdiction over this matter.

enter their appearances without filing of responsive pleadings at this juncture. This Court will retain jurisdiction over this matter. The Clerk will be directed to administratively terminate this matter, subject to reopening upon Plaintiff's timely filing of his amended pleading and supplement. See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013).

IT IS, therefore, on this **27th** day of **June 2014**,

**ORDERED** that the Complaint, Docket Entry No. 1, is dismissed; and it is further

**ORDERED** that such dismissal is without prejudice, and no statement made in this Memorandum Opinion and Order shall be construed as this Court's withdrawal of its jurisdiction over this matter; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that administrative termination is not a dismissal on the merits, and this Court will direct the Clerk to restore this matter to the Court's active docket upon Plaintiff's timely filing of his amended pleading; and it is further

**ORDERED** that Plaintiff may have this matter reopened in the event he files and serves upon Defendants his amended pleading, accompanied by copies of Plaintiff's administrative claim and the

agency denial. Such filing and service shall be executed within thirty days from the date of entry of this Memorandum Opinion and Order. Plaintiff may, if he so desires, accompany his amended pleading by his position statement detailing Plaintiff's reliance on the <u>res ipsa loquitor</u> doctrine in light of the governing state law; and it is further

**ORDERED** that, within thirty days from the date of entry of this Memorandum Opinion and Order, served Defendants shall enter their appearances in this matter; and it is further

**ORDERED** that Defendants shall make no further filings at this juncture; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by means of electronic delivery; and it is finally

**ORDERED** that the Clerk shall serve a complimentary copy of this Memorandum Opinion and Order upon the Office of the United States Attorney by means of electronic delivery.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**