**HOWARD K. GOLDSTEIN, ESQUIRE**
**CRAIG R. LEVIN, ESQUIRE**
Greentree Executive Campus
4001 Lincoln Drive West, Suite B
Marlton, NJ  08043
856-782-1007

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL VARLEY** : | |
| : | Civil Action No. |
| Plaintiff, : | |
| v. : | 1:14-CV-03832-RMB-AMD |
| : | |
| **THE UNITED STATES OF AMERICA** : | |
| : | |
| **ABC CORPORATIONS 1-10** : | **AMENDED COMPLAINT** |
| : | |
| and : | |
| : | |
| **JOHN DOES 1-10** : | |
| : | |
| Defendants. : | |

Plaintiff, Daniel Varley, by and through his attorneys, claims damages against Defendants United States of America., ABC Corporations 1-10, and John Does 1-10, and in support thereof does allege as follows:

## JURISDICTION AND VENUE

1.   Plaintiff, Daniel Varley, is an individual who currently resides at 156 Worth Avenue, Hamden, CT 06518, is a citizen of the State of Connecticut and at all times relevant hereto was incarcerated at FCI Ft. Dix as prisoner #121330078.

2.  Defendant, The United States of America, through its designated agency, the Federal Bureau of Prisons, owns, operates and maintains FCI Ft. Dix for the incarceration of federal prisoners.

3.  Defendants ABC Corporations 1-10 at all times relevant times hereto are unidentified companies whose true identity and place of business are presently unknown, and which were involved in the design, manufacture, assembly, distribution, supply, installation, inspection, refurbishment, reconditioning and/or repair of the structure holding up the television set ("The TV Holder") which is the subject of this litigation.  Plaintiff will amend this Complaint at such time as the identities of these ABC Corporation defendants become known throughout the course of continuing investigation and discovery.

4.  Defendants John Does 1-10 at all times relevant hereto are unidentified unincorporated companies or individuals whose true identity and address are presently unknown, and who were involved in the design, manufacture, assembly, distribution, supply, installation, inspection, refurbishment, reconditioning and/or repair of The TV Holder.  Plaintiff will amend this Complaint at such time as the identities of these John Doe defendants become known throughout the course of continuing investigation and discovery.

5.  All of the acts alleged to have been done or not to have been done by the defendants, were done or not done by said defendants, their agents, servants, workmen and /or employees, acting within the course and scope of their employment with and /or on behalf of defendants.

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1346 (b), commonly known as the Federal Tort Claims Act, wherein exclusive jurisdiction is granted over

2

all civil actions involving claims against the United States for money damages due to personal injuries caused by the negligence of any employee or agency of the United States government.

7.  Plaintiff's claim was timely presented to Defendant United States of America on August 28, 2013. See Exhibit "1" letter dated August 26, 2013, certified mail return receipt requested, from Howard Goldstein, Esquire to Regional Counsel, Northeast Regional Office, Federal Bureau of Prisons, enclosing Form 95 Claim for Damage, Injury or Death, and confirmation of receipt dated August 28, 2013.

8. Plaintiff's Form 95 Claim for Damage, Injury or Death #12b. sets forth the amount of $1,000,000.00 as damages in this matter.  See Exhibit "1".

9.  Plaintiff's claim was formally denied on February 27, 2014, thus satisfying all statutory procedural prerequisites to bringing this lawsuit. See Exhibit "2", letter dated February 27, 2014 from Michael D. Tafelski, regional counsel for the U.S. Department of Justice, to Howard K. Goldstein, Esquire.

10.  Venue is properly laid in this Court pursuant to 28 U.S.C. Section 1402 (b).

## FIRST COUNT - NEGLIGENCE
## (VARLEY v. ALL DEFENDANTS))

11.  On October 25, 2011, at approximately 8:45 PM, Plaintiff was a prisoner incarcerated at FCI Ft. Dix, sitting on a chair in the Chow Hall and playing cards with other inmates.

12.  On that date and time, The TV Holder failed causing the television which it was holding up to fall upon the head and body of Plaintiff.

3

13. The TV Holder was being used for its ordinary and intended purpose and in the ordinary and intended manner at the time that it collapsed.

14. At all times relevant hereto, Defendants, owned, maintained, controlled, supervised, managed and were responsible for The TV Holder.

15. Defendants were negligent in the maintenance, ownership, control, inspection, refurbishing, reconditioning, repair and supervision of The TV Holder by allowing it to be utilized although it had not been properly inspected, maintained, refurbished, reconditioned and/or repaired in order to make certain that it could be safely used.

16. Defendants failed to use reasonable care under the circumstances towards an incarcerated individual such as Plaintiff by allowing The TV Holder to be placed in a potentially dangerous location, although defendants knew or should have known that The TV Holder might fail at some point in time, thereby subjecting Plaintiff to the risk of serious bodily harm and injury.

17. Defendants negligently failed to follow appropriate and proper safety standards, practices, policies and procedures in order to insure that a person such as Plaintiff was provided a safe environment.

18. Defendants negligently failed to inspect, repair, refurbish, recondition, repair and maintain The TV Holder in order to insure that a person such as Plaintiff was provided a safe environment.

19. As a direct and proximate result of the negligence of all Defendants, Plaintiff has sustained severe and diverse personal injuries, both temporary and permanent in nature; has suffered, is suffering and will in the future continue to suffer great pain and suffering; has been

4

compelled, is now being compelled and will in the future be compelled to expend monies in an attempt to alleviate and/or cure his injuries; has been unable, is now unable, and will in the future be unable to pursue his normal activities and occupation; has suffered a loss of life's pleasures; and has otherwise been damaged.

WHEREFORE, Plaintiff Varley demands judgment against all Defendants, jointly and/or severally, in the amount of One Million ($1,000,000.00) Dollars damages, plus interest, attorneys' fees and costs of suit, and such other relief as this Court deems proper.

## SECOND COUNT – RES IPSA LOQUITUR
## (VARLEY v. ALL DEFENDANTS)

20. Plaintiff Varley repeats each and every allegation contained in the First Count as if set forth at length herein.

21. Defendant, The United States of America had sole and exclusive possession and control of The TV Holder and its attachments during all relevant times to this matter as it was located on their premises at FCI Fort Dix.

22.     In the alternative, Defendants ABC Corporations and/or John Does 1-10 installed, inspected, maintained, designed, manufactured, repaired, refurbished or otherwise controlled The TV Holder during all relevant times to this matter.

23. Defendants had superior knowledge of the installation, maintenance, inspection, repair, restoration, refurbishing, manufacturing, assembly, design, control and/or securing of The TV Holder.

5

24.  Defendants installed and/or maintained The TV Holder and its attachments on the premises of Defendant, The United States of America.

25.  The TV Holder was intended to safely hold the TV.

26.  The TV Holder was attached by a bracket to the wall.

27.  The TV Holder was intended to be securely fashioned to the wall.

28.  The TV Holder was not intended to fail and allow the TV to fall.

29.  If The TV Holder was attached properly to the wall, it would have held the TV in place and would not have allowed the TV Holder to fail, causing the TV to fall upon the head and body of the Plaintiff.

30.  The TV Holder was being used for its intended purpose and was not supposed to function in the manner described herein.

31.  Plaintiff did not do anything that could have caused The TV Holder to fail and the TV to fall on him.

32.  Plaintiff was just sitting in a chair and playing cards when The TV Holder failed and caused the TV to fall on him.

33.  At all relevant times to this matter, Plaintiff did not touch the TV or The TV Holder.

34.  No other event happened that could have caused The TV Holder to fail and the TV to fall.

35.  During all times relevant to this matter, no other person caused or could have caused The TV Holder to fail and the TV to fall on Plaintiff.

36.  Defendant, The United States of America and/or ABC Corporations 1-10 and/or John Does 1-10 had a duty to properly install, maintain, manufacture, design, assemble, inspect,

6

control, repair, refurbish, recondition or otherwise secure The TV Holder as it was in their sole and exclusive possession and/or control.

37. Defendants are negligent under the legal doctrine of *res ipsa loquitur* because the accident which occurred ordinarily does not occur in the absence of negligence, no other responsible cause exists for the occurrence of the accident, and the claimed negligence by Defendants is within the scope of the duties which Defendants owed to Plaintiff.

38.  As a direct and proximate result of the negligence of all Defendants, Plaintiff has sustained severe and diverse personal injuries, both temporary and permanent in nature; has suffered, is suffering and will in the future continue to suffer great pain and suffering; has been compelled, is now being compelled and will in the future be compelled to expend monies in an attempt to alleviate and/or cure his injuries; has been unable, is now unable, and will in the future be unable to pursue his normal activities and occupation; has suffered a loss of life's pleasures; and has otherwise been damaged.

WHEREFORE, Plaintiff Varley demands judgment against all Defendants, jointly and/or severally, in the amount of One Million ($1,000,000.00) Dollars damages, plus interest, attorneys' fees and costs of suit, and such other relief as this Court deems proper.

## THIRD COUNT - PRODUCT LIABILITY/STRICT LIABILITY
## (VARLEY v. ABC CORPORATIONS 1-10 AND JOHN DOES 1-10)

39.  Plaintiff Varley repeats each and every allegation contained in the First and Second Counts as if set forth at length herein.

40.  Defendants ABC Corporations 1-10 and John Does 1-10 (collectively "Non-Governmental Defendants") designed, assembled, manufactured, sold, supplied, shipped, delivered, distributed and/or placed The TV Holder in the channels of commerce in a defective condition which was dangerous and not reasonably safe, by reason of which The TV Holder was unreasonably dangerous to the user thereof.

41.  The TV Holder was defective, dangerous and not reasonably safe to the user thereof at the time that it was designed, assembled, manufactured, sold, supplied, shipped, delivered, distributed and/or placed by the Non-Governmental Defendants in the channels of commerce.

42.  When The TV Holder collapsed, it was being used for its intended purpose and in a manner that was reasonably foreseeable.

43.  When The TV Holder collapsed, Plaintiff was a reasonably foreseeable user, and a person who might reasonably be expected to use The TV Holder.

42.  When The TV Holder collapsed, it was not being misused by Plaintiff, nor had it been substantially altered in a way that was not reasonably foreseeable.

44.  The Non-Governmental Defendants are liable under the legal theory of *res ipsa loquitur* for the collapse of The TV Holder because the event was of a kind that does not ordinarily occurs in the absence of a product defect.

45.  As the direct and proximate result of the defective, dangerous and unsafe condition of The TV Holder, Plaintiff has sustained severe and diverse personal injuries, both temporary and permanent in nature; has suffered, is suffering and will in the future continue to suffer great pain and suffering; has been compelled, is now being compelled and will in the future be compelled to expend monies in an attempt to alleviate and/or cure his injuries; has been unable,

8

is now unable, and will in the future be unable to pursue his normal activities; has suffered a loss of life's pleasures; and has otherwise been damaged.

WHEREFORE, Plaintiff Varley demands judgment against the Non-Governmental Defendants, jointly and/or severally, for compensatory damages, plus interest, attorneys' fees and costs of suit, and such other relief as this Court deems proper.

 

 

CRAIG R. LEVIN, ESQUIRE
Attorney for Plaintiff, Daniel Varley

Dated: 7-25-14

9

# EXHIBIT "1"

The Law Offices of
HOWARD K. GOLDSTEIN
Attorney and Counselor At Law

Two Penn Center
1500 JFK Boulevard, Suite 900
Philadelphia, PA 19102
Tel:    215-735-3215
Fax:    215-735-3710
Email:  goldstein@goldlaw.com

August 26, 2013

**CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
Regional Counsel
Northeast Regional Office
Federal Bureau of Prisons
2nd and Chestnut Sts., 7th Flr.
Philadelphia, PA 19106

      Re: Daniel Varley,
         former inmate # 12133-078
         Date of Incident: 10-15-11
         Place of Incident: FCI Ft. Dix

Dear Counsel:

      Enclosed please find a fully completed Form 95 Claim for Damage, Injury or Death, which I hereby submit on behalf of my above-referenced client, Mr. Daniel Varley.

      Attached to the Claim form is a three page Addendum containing requested information which did not fit onto the claim form itself.  Also enclosed are copies of Mr. Varley's medical and related records concerning the referenced incident, in which a TV fell onto his head while Mr. Varley was sitting in the Chow Hall at Ft. Dix.  Those records were obtained pursuant to a FOIA request.

      Also attached is a copy of my fee agreement, specifically evidencing my authority to file this claim on Mr. Varley's behalf.

      Please confirm receipt of this claim at your earliest convenience.  I look forward to working with your office towards an amicable resolution.

                Very truly yours,

                HOWARD K. GOLDSTEIN, ESQUIRE

Enclosures
HKG/mmi

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Regional Counsel
Northeast Regional Office
Federal Bureau of Prisons
2nd Walnut St., 7th Floor
Phila., PA 19106

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J. B.          □ Agent
                 □ Addressee

B. Received by ( Printed Name )      C. Date of Delivery
J. Bonds                             8/28/12

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
   ☒ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
   (Transfer from service label)     7012 3050 0001 3886 6455

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | 7.45 |
| Certified Fee | | 3.10 |
| Return Receipt Fee (Endorsement Required) | | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 13.10 |

Postmark
Here

Sent To  Regional Counsel NE Regional Office
Street, Apt. No.; Federal Bureau of Prisons
or PO Box No.  2nd Walnut St., 7th Floor
City, State, ZIP+4  Phila., PA 19106

PS Form 3800, August 2006          See Reverse for Instructions

7012 3050 0001 3886 6455

The Law Offices of
HOWARD K. GOLDSTEIN
Attorney and Counselor At Law

Two Penn Center
1500 JFK Boulevard, Suite 900
Philadelphia, PA 19102
Tel:    215-735-3215
Fax:   215-735-3710
Email: goldstein@goldlaw.com

August 26, 2013

**HAND-DELIVER**
Regional Counsel
Northeast Regional Office
Federal Bureau of Prisons
2nd and Chestnut Sts., 7th Flr.
Philadelphia, PA 19106

Re: Daniel Varley,
     former inmate # 12133-078
     Date of Incident: 10-15-11
     Place of Incident: FCI Ft. Dix

Dear Counsel:

Enclosed please find a fully completed Form 95 Claim for Damage, Injury or Death, which I hereby submit on behalf of my above-referenced client, Mr. Daniel Varley.

Attached to the Claim form is a three page Addendum containing requested information which did not fit onto the claim form itself. Also enclosed are copies of Mr. Varley's medical and related records concerning the referenced incident, in which a TV fell onto his head while Mr. Varley was sitting in the Chow Hall at Ft. Dix. Those records were obtained pursuant to a FOIA request.

Also attached is a copy of my fee agreement, specifically evidencing my authority to file this claim on Mr. Varley's behalf.

Please confirm receipt of this claim at your earliest convenience. I look forward to working with your office towards an amicable resolution.

Very truly yours,

HOWARD K. GOLDSTEIN, ESQUIRE

Enclosures
HKG/mmi

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Northeast Regional Office Federal Bureau of Prisons 2nd & Chestnut Sts., 7th Flr. Phila, PA 19106 | See attached Addendum |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 01/09/1970 | Single | Oct. 15, 2011; Saturday | 8:45 PM. |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See attached Addendum.

**9.                         PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A

**10.                    PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached Addendum.

**11.                         WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| See attached Addendum | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (In dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | $1,000,000.00 | N/A | $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Attorney | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *[signature]* | 215-735-3215 | 8/26/2013 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?**  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number  ☒ No

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

N/A

**17. If deductible, state amount**

N/A

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(It is necessary that you ascertain these facts)*

N/A

**19. Do you carry public liability and property damage insurance?**  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☒ No

## ADDENDUM TO CLAIM FOR PERSONAL INJURY
## FILED ON BEHALF OF DANIEL J. VALLEY

No.

2.   Name and Address of Claimant and his Personal Representatives

     Daniel J. VALLEY
     156 Worth Avenue
     Hamden, Connecticut 06518

     Attorney Representatives:

          Howard K. Goldstein, Esquire
          Law Office of Howard K. Goldstein
          2 Penn Center, Suite 900
          Philadelphia, PA 19102

          William P. Murphy, Esquire
          Law Office of William P. Murphy
          2 Penn Center, Suite 200
          Philadelphia, Pa 19102

8.   Basis of Claim

     The incident occurred in the evening of October 15, 2011 at FBI Ft. DIX, where Mr.
VALLEY was incarcerated at the time.  He was sitting at a table  playing cards with other
inmates in the Chow Hall, when a large wall mounted TV set fell directly onto his head.
Mr. Valley's injuries are as a direct result of the negligence of Bureau of Prisons' agents
and employees, who had not properly mounted, secured, inspected and maintained the
casing which held the TV set, and had allowed the TV set to be placed in a location where
it was likely to cause physical harm if it fell from its casing. Liability in tort is based,
*inter alia*, on negligence, negligently allowing a dangerous condition in a public area and
negligence as established by the doctrine of *res ipsa loquitur*.

10.   Injuries Sustained

     Mr. Valley was rendered unconsciousness by the incident, and taken by ambulance to St.
Frances Medical Center where he was treated.
Although Mr. Valley's health prior to the incident had been excellent, as a direct result of
the TV set falling onto his head he suffered significant neurological and orthopedic
injuries which are continuing and may be permanent . The injuries in question include but
are not limited to the following: concussion, chronic post concessive syndrome (with
post-traumatic headaches, dizziness, and lightheadedness), vestibular dysfunction due to

inner ear trauma, eyelid dysfunction, cervicalis and related neck/back pain, shoulder pain, arm pain, spinal spondylosis and other preexisting but previously asymptomatic spinal conditions now rendered symptomatic, emotional disturbances (in the form, *inter alia*, of anxiety, depression and fear of seizures) and a scalp laceration.

As a consequence, Mr. Varley's life has been severely negatively impacted because the injuries affect most of his daily activities, even sleep. They also are likely to affect his ability to work in the future.

Mr. Varley's prognosis remains unclear.

He was released from prison only very recently, and will remain under home confinement until early 2014.

Mr. Valley is obtaining continuing medical treatment for his prison-related injuries in his local community. Once medical reports have been obtained from his new healthcare providers, they will be promptly forwarded for your review. In the interim, attached are copies of healthcare records concerning the medical treatment which Mr. Valley was permitted to receive while incarcerated.

11.    <u>Witnesses</u>

The following individuals are among the many persons who were in the Chow Hall watching television and who witnessed the incident:

Joe Rivisto
1490 Outlook Ave., #1A
Bronx, NY 10465
917-662-7998
Jrivisto@gmail.com

Tim Kany
1819 Woodhome Drive
Bel Air, MD 21015
443-243-0654
Pakany@verizon.com

Reynaldo Reyes
Inmate 77705-053

Mr. Valley knows that there were other witnesses, but cannot identify them.

The following individuals were playing cards with Mr. Valley at the time of the incident:

Bryan Fernandez
Inmate 07608-070

Eric Rodriguez
Inmate 06177-070

Luiz Vazquez
Inmate 16955-014

Christopher Hahn
Inmate 64373-066

The following individuals installed safety screws onto the TV mounting after the incident:

Robert Gagalis
Inmate 03417-049

Mark Katzin
Inmate 37220-066

The Law Offices of
## HOWARD K. GOLDSTEIN
Attorney and Counselor At Law

2 Penn Center Plaza, Suite 900
Philadelphia, PA 19102
Tel:     215-735-3215
Fax:    215-735-3710
Email:  goldstein@goldlaw.com

August 14, 2013

Mr. Daniel J. Varley
156 Worth Avenue
Hamden, Connecticut  06518

RE:  Personal injury litigation

Dear Dan:

This letter is to confirm our agreement of representation.  You are retaining Howard K. Goldstein, Esquire, and William P. Murphy, Esquire, to represent you in connection with the injuries that you sustained as a result of a television falling onto your head on October 15, 2011 while you were incarcerated at FCI Ft. Dix.  You hereby give us express authority to file a federal tort claim on your behalf as a result of that incident.

It is agreed that our representation of you shall be upon the following terms and conditions:

It is agreed that you will pay us a contingency fee of Twenty-Five percent of the amount recovered by way of any settlement or judgment *after* suit is filed;  or Twenty percent of the amount recovered by way of any administrative settlement *prior to* litigation.

To the extent permitted by law, regulation or court Order, it is additionally agreed that you will pay the reasonable litigation costs and expenses which we advance on your behalf.

Should no proceeds be recovered as the result of an unfavorable outcome, we shall have no claim against you for any fees or costs.

Further, should the merits of your claims change sufficiently during the course of our representation of you such that we decide, in our sole professional judgment, not to continue to represent you, we provide you with prompt written notice of this change of circumstances.  If that eventuality arises, you hereby consent to the withdrawal of our representation of you.

It is understood that you will give us your fullest cooperation in prosecuting this claim.

This agreement contains the entire understanding between the parties and shall not be amended or modified or any of its provisions waived, unless in a writing signed by both you and by us.

Mr. Daniel J. Varley
August 14, 2013
-Page 2-

If this letter of agreement confirms our understanding, kindly sign & date where indicated below.

Bill Murphy and I greatly look forward to representing your interests, and working towards a favorable resolution of your claim.

Very truly yours,

HOWARD K. GOLDSTEIN, ESQUIRE

WILLIAM P. MURPHY, ESQUIRE

**CONFIRMATION OF AGREEMENT:**

DANIEL J. VARLEY                    8/15/13

# EXHIBIT "2"



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

February 27, 2014

Howard K. Goldstein, Esq.
Law Offices of Howard K. Goldstein
Two Penn Center
1500 JFK Boulevard, Suite 900
Philadelphia, PA   19102

     RE:   Daniel Varley, Federal Register No. 12133-078
           Administrative Claim No. TRT-NER-2013-07224

Dear Mr. Goldstein:

    Administrative Claim No. TRT-NER-2013-07224, properly received on August 28, 2013, and filed on behalf of Daniel Varley, Federal Register No. 12133-078, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30.  Damages are sought in the amount of $1,000,000.00 based on a personal injury claim.  Specifically, you allege that Mr. Varley was injured when a television hit his head at FCI Fort Dix on October 25, 2011.

    Investigation reveals on October 15, 2011, Mr. Varley was medically assessed by FCI Fort Dix Health Services staff after a television allegedly fell on him.  His assessment was unremarkable and he was transported to a community hospital where a laceration was closed.  No acute spinal or skull injury was noted.  Subsequent examinations by specialists showed Mr. Varley's back and neck pain were not caused by a traumatic event.  Throughout his incarceration at FCI Fort Dix, Mr. Varley received appropriate medical treatment, including evaluations by specialists, as necessary. There is no evidence to suggest he experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee. Accordingly, your claim is denied.

    If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

                    Sincerely,

                    Michael D. Tafelski
                    Regional Counsel

cc:   J. Hollingsworth, Warden, FCI Fort Dix

**HOWARD K. GOLDSTEIN, ESQUIRE**
**CRAIG R. LEVIN, ESQUIRE**
Greentree Executive Campus
4001 Lincoln Drive West, Suite B
Marlton, NJ 08043
856-782-1007

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DANIEL VARLEY** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | |
| | : | **1:14-CV-03832-RMB-AMD** |
| **THE UNITED STATES OF AMERICA** | : | |
| | : | |
| **ABC CORPORATIONS 1-10** | : | |
| | : | **PLAINTIFF'S POSITION** |
| and | : | **STATEMENT IN** |
| | : | **SUPPORT OF AMENDED** |
| **JOHN DOES 1-10** | : | **COMPLAINT** |
| | : | |
| Defendants. | : | |

  Plaintiff, Daniel Varley, by and through his attorneys, submits this position statement in support of his Amended Complaint:

  The subject accident happened on October 25, 2011 when Plaintiff Daniel Varley was sitting in a chair and playing cards at FCI Fort Dix. The TV Holder that was securing a TV failed and the TV fell on Mr. Varley. There is no dispute between the parties regarding this fact.

1

Plaintiff has pled Res Ipsa Loquitur as one of his theories of liability. Plaintiff has also pled counts for negligence and products liability.

In addition to amending the Complaint in regard to Res Ipsa Loquitur, Plaintiff has amended the Complaint to include proof that Plaintiff timely presented an administrative claim to Defendant, United States of America. See Amended Complaint Exhibit "1" letter dated August 26, 2013, certified mail return receipt requested, from Howard Goldstein, Esquire to Regional Counsel, Northeast Regional Office, Federal Bureau of Prisons, enclosing Form 95 Claim for Damage, Injury or Death, and confirmation of receipt dated August 28, 2013. Plaintiff has also provided proof that Plaintiff set forth $1,000,000.00 as his damages in this matter. See Amended Complaint Exhibit "1" to Plaintiff's Amended Complaint, attaching Plaintiff's Form 95 Claim for Damage, Injury or Death #12b., which sets forth the amount of $1,000,000.00 as damages in this matter. Plaintiff has provided proof that his claim was formally denied on February 27, 2014, thus satisfying all statutory procedural prerequisites to bringing this lawsuit. See Amended Complaint Exhibit "2", letter dated February 27, 2014 from Michael D. Tafelski, regional counsel for the U.S. Department of Justice, to Howard K. Goldstein, Esquire. Plaintiff has provided proof that the jurisdictional requirements have been met. Therefore, at minimum, it is requested that this matter be reopened for Plaintiff's negligence and product liability counts.

In this case, Plaintiff is also seeking to establish an inference of negligence by reliance upon the doctrine of Res Ipsa Loquitur. Res Ipsa Loquitur, a Latin phrase meaning "the thing speaks for itself," permits an inference of negligence, establishing, in turn, a prima facie case of negligence. Mayer v. Once Upon a Rose, Inc., 429 N.J. Super. 365, 373, 58 A.3d 1221 (App. Div. 2013). In order to invoke the doctrine, a plaintiff must establish that "'(a) the occurrence

2

itself ordinarily bespeaks negligence; (b) the instrumentality [causing the injury] was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect.'" Ibid. (quoting Szalontai v. Yazbo's Sports Café, 183 NJ 386, 398, 874 A 2d. 507 (2005); Buckelew v. Grossbard, 87 NJ 512, 525, 435 A 2D. 1150 (1981) (quoting Bornstein v. Metro Bottling Co, 26 NJ 263, 269, 139 A 2D. 404 (1958)).

The facts known to the Plaintiff at this time are that the Defendants had exclusive control of The TV Holder. The TV Holder was located inside the federal prison at Fort Dix. Nobody had control of The TV Holder other than Defendant, The United States of America. The TV Holder was supposed to hold a TV without letting it fall. A TV Holder just doesn't fail in the absence of negligence. It could have been because it was not properly installed, maintained, inspected, refurbished, reconditioned, manufactured, assembled or any other reason. All of this will be determined in discovery and by way of expert testimony. Lastly, Plaintiff was just sitting in a chair and playing cards when The TV Holder failed and the TV fell on him. The TV just fell. At all relevant times to this matter, nobody did anything to this TV that would have caused it to fall.

Plaintiff submits that he has pled all facts within his knowledge. Defendant, The United States of America and/or fictitious Defendants, ABC Corporations 1-10 and/or John Does 1-10 have superior knowledge regarding all issues with The TV Holder. It would be highly inequitable to have a count for Res Ipsa Loquitur dismissed at this junction given the superior knowledge of the Defendants and the fact that discovery has not even begun. Discovery will be

3

necessary to determine if there are any other parties liable in this matter as well as what facts the Defendants knew about the issues surrounding The TV Holder.

Plaintiff submits that he has pled sufficient facts to allow his claim for Res Ipsa Loquitur to go forward, not to mention his claims for negligence and products liability, neither of which were dismissed by the Court's Memorandum and Opinion entered June 27, 2014.

Respectfully submitted,

CRAIG R. LEVIN, ESQUIRE
Attorney for Plaintiff, Daniel Varley

Dated 7-25-14

4

## FRIEDMAN & LEVIN ASSOCIATES
### Greentree Executive Campus
4001 Lincoln Drive West, Suite B
Marlton, NJ 08053

CRAIG R. LEVIN *
LARRY FRIEDMAN, RETIRED*

* Member of PA Bar

856-782-1007
crl@crllaw.com

PHILADELPHIA OFFICE
Two Penn Center Plaza
1500 JFK Blvd., Suite 900
Philadelphia, PA 19102
215-563-7642
Fax 215-563-9145

July 25, 2014

United States Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Attention: Civil Process Clerk

      RE:    Varley v. The United States of America, et al.
            Case No.: 1:14-CV-03832-RMB-AMD

Dear Sir/Madam:

      Enclosed please find a copy of the Complaint, United States District Court District of New Jersey Memorandum Opinion and Order dated June 27, 2014, Amended Complaint with Plaintiff's Position Statement in Support of Amended Complaint. Also enclosed is the Summons directed to the United States of America. Kindly respond in accordance with the United States District Court Rules.

      Thank you for your kind attention in this matter.

          Very truly yours,

          CRAIG R. LEVIN

CRL/cl

# FRIEDMAN & LEVIN ASSOCIATES
Greentree Executive Campus
4001 Lincoln Drive West, Suite B
Marlton, NJ  08053

CRAIG R. LEVIN *
LARRY FRIEDMAN, RETIRED*

* Member of PA Bar

856-782-1007
crl@crllaw.com

PHILADELPHIA OFFICE
Two Penn Center Plaza
1500 JFK Blvd., Suite 900
Philadelphia, PA  19102
215-563-7642
Fax 215-563-9145

July 25, 2014

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530
Attention:  Civil Process Clerk

      RE:    Varley v. The United States of America, et al.
             Case No.:  1:14-CV-03832-RMB-AMD

Dear Sir/Madam:

    Enclosed please find a copy of the Complaint, United States District Court District of New Jersey Memorandum Opinion and Order dated June 27, 2014, Amended Complaint with Plaintiff's Position Statement in Support of Amended Complaint.  Also enclosed is the Summons directed to the United States of America.  Kindly respond in accordance with the United States District Court Rules.

    Thank you for your kind attention in this matter.

          Very truly yours,

          CRAIG R. LEVIN

CRL/cl